

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NOS. 2-08-068-CR
2-08-069-CR**

NATHAN K. MYERS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Nathan K. Myers entered two open pleas of guilty to possession of four grams or more but less than 200 grams of a controlled substance (methamphetamine),[2] and he pleaded true to the habitual offender notice contained in each charge. The trial court found him guilty and assessed

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003).

punishment at twenty-five years' confinement in each case, to be served concurrently.

Myers's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[3] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Myers was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeals are frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Myers entered open pleas of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Myers's pleas, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty pleas. *See Monreal v. State*, 99 S.W.3d 615,

---

[3] 386 U.S. 738, 87 S. Ct. 1396 (1967).

620, 622 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record, including the sealed presentence investigation report and counsel's brief. We agree with counsel that the appeals are wholly frivolous and without merit. We find nothing in the record that might arguably support the appeals. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment in each case.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 19, 2009